Counsel? I'm sorry? Come up to the mic. Yes. May I apologize? May I please the court? I'm Robert M. Cook and I am the attorney for the appellant. Okay. And I don't know if I would like to preserve some time if I can. That's on my own. Again, reserve your time and that will be fine. Thank you very much. Again, it's not necessary to use all your time, however. Yes, I got that by implication. Thank you very much. May I go to the thrust of this? First and Beck was a debtor in possession in the United States Bankruptcy Court for the District of Arizona. It had difficulties. I was hired and approved by the Bankruptcy Court as special counsel to ascertain the very issue which led us here today. And that was the simple notion of how much did this entity give to the debtor, how much did the We believe that usury is alive and well in Arizona. We believe that this court recently got considerable assistance from Discover Bank v. Vaden, V-A-D-E-N, at 489 F. 3rd 594. It's a 2007 decision which is published. Did you submit a 28-year letter on that case? I did not, Your Honor. The 28-J letter in my head occurred last evening. I will not. You should give that citation to the clerk on a sheet after argument. Yes, I will. Thank you. And also give it to opposing counsel. Yes. Critical to this case is jurisdiction in federal court. And I think that's where you ought to turn your attention first. Thank you. Of course, in my opinion, Vaden and other decisions state clearly subject matter jurisdiction is appropriate whenever usury is raised, and particularly here not only as a defense, but as an objection to the proof of claim in the bankruptcy proceedings. We don't have any national banks involved in this case, do we? Doesn't matter. We do have the F.D.I.C. involved. We do have state charter bank involved. We do have, and it interacts with the federal authorities. You don't have, I'm just, factually, we don't have any national banks. That's right. So that phrase that's found that it applies to a national bank, no, you cannot apply state law to a national bank. I will concede that that's where we are in the State of the Wall. But you can – Arizona is like every other state. Its origin of usury is probably Deuteronomy. But, I mean, it's any amount that is in excess of the amount that the borrower agreed to pay. Now we have credit cards and we have transcendental universal defaults, and we have a vagary of decisions. But where is the federal jurisdiction over the state usury? All right. I didn't – we allege that Section 85, and I wish I had brought Baden with me. I apologize to the court for that, and I'm certain that it gets it. When you allege a usury claim against a state bank and a regulated mortgage banker, broker, and then the director of the bank and the sole shareholder at the time, Reginald Fowler, we allege that we paid $7.25 million and we got $2.65 million. Where is the jurisdiction for that? We maintain that Section 85 and 86 provide the exclusive cause of action for usury claims. And, of course, there, to follow up with you, it was reiterated there is no such thing as a state law claim of usury against a national bank. But there is the federal law which can apply to usury charges by state regulated banks. DEDA, FIDA, the Federal Deposit Insurance Act, and the National Bank Act are to be read in materia. 1331 jurisdiction. 1334 jurisdiction. For goodness sakes, the court said it did not have subject matter jurisdiction because this was not a matter related to a bankruptcy proceeding. It was filed down the hall four days after the plan of confirmation in the bankruptcy court. The bankruptcy court had retained jurisdiction for purposes of implementing the plan, and it was the debtor's plan to file claims against the claimants, and the court acknowledged it, and it was the sole means for funding the plan. In other words, we went to federal court because we said we were going to federal court. The question I suppose you're asking me is, did the federal court have jurisdiction over a usury claim? And the answer is simple, yes. And why? Would you tell me why, please? Under what statute? Section 85 of the National Bank Act. So you believe that section 85 of the National Bank Act applies to state banks? Yes, I do. When you read it in conjunction with the decisions and the with respect to the Federal Deposit Insurance Corporation, these are regulated entities. You can't have one of the entities out of frock with federal law. That's why I think courts up to the time of Thayden, okay, had dallied with whether or not there was complete preemption. Yes, there is. That is the conclusion of the law today. I do not want to, in my opinion, say anything else, and it should be the law. A federal dispute arises in bankruptcy. A federal court takes jurisdiction of a debtor. A federal court sitting by reference makes many determinations, including one that's critical, may I point out to the court. The bankruptcy court did hold that with at least respect to one of these loans, that is the $2 million deposit that was made by Mortgages Limited into Cross the Appellant, and the appellant was charged interest on the account, although she could not make any checks on it, and the bankruptcy court did acknowledge that that portion of the claim would be disallowed. Now then, if you read section 85, excess interest, and by discount or otherwise, and really it says any amount that the debtor agrees to pay within the law of the State. Do we have cases that say that the State usury statute or the Federal usury statute applies in Federal court? Any cases? Yes. I'm sorry. The one I mentioned to begin with. That's clear, is it? Yes. Okay. Well, we'll take a look at that. Yes. I up to that time of Aden, and those cases are cited, there was some notion out there that we knew that you couldn't apply a State usury law to a national bank, that we knew. Now we have State banks that are governed by the FDIC, and they certainly are, and the FDIC Act and its supporting statutes, and the CFR make it clear that, for example, 1831D, if such interest, rate of interest has been paid, the person who paid it may recover in a civil action. That's how we're here. I want you to know that. Please. It's also, we have to be a borrower. We have to, under 1831, 12 U.S.C. 1831D, if we paid, here's what nobody, here's the great white lie of the case, and I always think there's a curtain that comes down. If we are successful, any amount of the interest that was charged in excess of the, what the borrower agreed to pay, shall be deemed forfeitable under Federal law, and number two, we get twice the money back that we paid in illicit interest, and we must still pay the principal. And, of course, States don't want that onerous Federal law to apply, but the FDIC does. That's why its statutes relate to the National Bank Act. That's why we brought the case, we brought it as a borrower, claiming that greater interest had been paid, and I really was Can I ask a question? Did you give a copy of this case that you're now relying on to your opposing counsel? Or did you give them the citation? I don't believe, ma'am, I It's a little difficult for us to be standing here arguing about what you claim is now the key case when neither we nor the opposing counsel have it or have ever seen it. I apologize, Your Honor, and it's, and it is an apology that is due by me. This is a case that we have cited recently to the Eighth Circuit. The issue is the same Eighth Circuit decision that we are arguing at the present time. We argue that there's been complete preemption, Your Honor. It is fortunate Preemption of what by what, if I may? Fair enough. Federal courts must decide questions of usury, and I see a distaff. Yes, they must if we want to invoke that remedy. It is not favored. It is not wanted. It makes debtors want to go to court. Here this was, I was hired to do this. I brought it up in bankruptcy court. I got disallowed interest on $2 million as excessive, and then I had to go to federal court, and he says we don't have jurisdiction over usury when the federal statutes, and you have to read them in paramateria, 1831D is a statute that says, hey, in order to enforce the FDIC, state chartered banks and state chartered institutions must do the following, and why is this turning to be the law? Let me do that one thing. Maybe that will help. In my opinion, of course it has to be federal jurisdiction. Of course I know, I'm too old not to know the gray wall that comes down on recalcitrant matters. Right. So just to clarify, if we can. Yes. Are you relying principally on the usury statute section 85 as the basis for federal court jurisdiction over the case and regarding the rest as supplemental jurisdiction? Yes. And also, we have federal questions like, Representative Vigna, we have other federal questions of whether or not the Federal Bank Fiduciary Act was violated. And the tying agreements that we maintained, we didn't know about, the court below said we shouldn't have named Fowler, we shouldn't have named the Bank of Southwest, and we allege Did the court address the claim against Fowler on the merits, right? Beg your pardon? Didn't the court address the claim against Fowler on the merits? Yes. But, and I'm not I do have one question. Yes, please. Does it make any difference in this case, this is sort of mystifying me, whether, let's suppose we thought, well, these issues are not jurisdictional, but in fact you simply haven't stated a cause of action under these same statutes. Does it make any difference to the case whether it's jurisdictional or whether it's a dismissal for a failure to state a claim? Well, that always makes any lawyer tremble with respect to statutes, pertinent statutes of limitation. Does it make a difference here? Yes. It would make a difference to me if the case were dismissed for failure to state a claim. Because that's a disguise, in my humble opinion. That's a court that hasn't read what is happening. I'd say that from Well, take the Fowler claim, for example. I mean, the judge said, well, yes, there's jurisdiction because it's not frivolous, but I'm dismissing it for failure to state a claim. And I believe it was that defendant that we were given an opportunity I'm sorry, I can't hear you. I believe, I apologize, ma'am. I believe it was that defendant, was it not, who was given, we were given an opportunity to amend. Instead we took this May you assume for a moment the utterly impossible that there is such a thing as a good-faith debtor who didn't just go broke through flimsy-clumsy management, but in fact went broke because of a constructive design by entities that are very sophisticated and they ended up making over $5 million on it? Are you appealing a dismissal on the merits of the case against Fowler? No. It's very hard. You're not. That's just gone. All right. That's gone? No. That's why I was tentative on that. Yes, depending on what you do, and that's very important. If you say go back and hear the Yes or no? Beg your pardon? Are you appealing the ruling regarding Fowler on the merits, yes or no? No. So that's out of the appeal? No. I apologize. May I please, Your Honor? I don't understand. I don't care. I will tell you, assume that the court says that it's usurious. I'm sorry? Assume that the court says that the notes are usurious. Well, we're certainly not going to say that, because what we're deciding on that is whether there's jurisdiction. And if you would give us a chance to prove it. Counsel, I'm sorry. I don't understand your argument on the Fowler point. Okay. Okay. If you're not appealing it on the merits, and it's out of the appeal, then the supplemental jurisdiction issue is gone as well. I didn't understand after the apostrophe in the court's comment. I believe that Reginald Fowler would still be in this case if the court ruled that the lower court should have considered the question of usury. That's a different case against him. But the 503 issue on which the district court did say that there was jurisdiction, but then issued a dismissal on the merits. It's frankly extremely difficult to figure out anything from your brief in terms of what you're arguing. So I'm trying to clarify now, as was Judge Rawson, aren't you appealing that ruling that under Section 503 there is no cause of action against Mr. Fowler? No. All right. That's your answer. I apologize. All right. If you want to reserve any time, you should probably do it now. Thank you. Good morning, Your Honors. Thomas Hudson on behalf of the Defendant Bank of the Southwest. We have on our side of the case a number of defendants and attorneys. I'll be addressing sort of the common jurisdictional issues concerning the defendants as well as some specific issues concerning Bank of the Southwest. Mr. McNichol. Can you start by answering? I understand there are other people. We're going to share time, I guess, is the short answer. Again, you're going to have to come up with the – I understand. And you're going to have to sit down before they start writhing, which is what usually happens. I will today. But what is – does it make a difference as to these Federal – let's put aside the bankruptcy issue, bankruptcy related to jurisdiction for now. All right. As to the Federal question jurisdiction, I mean, frankly, I'm always somewhat disquiet about dismissing them jurisdictionally because of merits issues. So I'm wondering, does it make any difference whether we call this a jurisdictional dismissal or a merits dismissal for purposes of the various statutes that were looked into? It does not. As Your Honors know, a reviewing court like this always can affirm the district court on any ground adequately supported by the record. Well, if there's no jurisdiction, we must address that. I think – and this wasn't – certainly not briefed. But to go to your question, Judge Brezon, there are cases – and we could provide a supplemental authority. In the Ninth Circuit, where the Ninth Circuit has said this case prevents thorny jurisdictional issues, it's clearly going to – it's clearly going to fail on other grounds. We're going to dismiss it on those grounds and not reach the jurisdiction. All right. So any practical reason why it was done this way? I mean, I gather you argued it as jurisdictional or whomever argued it. Well, that's a good question. And in fact, multiple grounds for dismissal were raised by many of the defendants, including Bank of the Southwest. We moved to dismiss on jurisdictional grounds as well as failure to state a claim with respect to the claims that were – But they're the same in this instance, really. It's just a question of how bad it is, right? I mean – and in fact, it's pretty rare. This may be the first case I've seen since I've been on the bench in which cases were dismissed essentially under merits but jurisdictionally for Federal question reasons. It's a very – I mean, it's something that just isn't done much anymore. And I'm wondering why it was done here. Well, what's unusual about it – I mean, ultimately, right, there's two grounds for the jurisdiction. There's this related to and then the Federal question. Right. So look – let's – when you're looking at Federal question jurisdiction, you have to look at the complaint. What are the well-pleaded claims and do any of them raise Federal question? Right. And the question is what? Six of the claims. There are six counts alleged. Five of them are State law claims, including the usury claim that was alleged in this case. The only thing that's alleged is a violation of a State law usury statute, which doesn't apply for reasons that were brief. Just to make it clear that the Supreme Court has told us that we can't allow hypothetical jurisdiction and then decide the merits. So we have to decide jurisdiction. Yeah, and I suppose another way to make my point, Judge Fletcher, is that if for whatever reason the court sort of says there is jurisdiction, it can't affirm the dismissal on alternative grounds. And those grounds were raised below. Well, if we get to the merits of the case, then don't we have to send it back for the district court to decide whether to exercise supplemental jurisdiction over the State law claims? Because it didn't do that. Well, my point, Judge Rawlinson, is that the claims fail to state a claim. Yeah, but the district court didn't make that ruling, and we cannot make it initially on the State court claims. Well, I think my point, and I think it's correct, is that, of course, you can affirm – this case was dismissed, and you can affirm on any grounds supported by the record. And we did – We can affirm on a – we can affirm even though the district court didn't consider whether or not to exercise supplemental jurisdiction? The court can affirm the dismissal of the case on any ground adequately supported by the record. But how can – there's no support in the record if there was nothing said about those claims. But there was. That's my point, is it was – the alternative grounds were dismissed. But to go back to Judge Berzon's point on why this case is unusual, I mean, thinking about Federal question jurisdiction, you look at the well-pleaded complaint rule. What's alleged in the complaint? And are there facts sufficient to invoke Federal question jurisdiction? And, again, there's only one count that even purports to raise a Federal – only one count that cites a Federal statute or somehow touches on Federal questions. And that is – that is the unlawful tying count, not the usury count. And what the district court noted, and what I think is correct, is that when you look at that one count that sort of raises – potentially hints at a Federal question, there's not facts alleged in the complaint that have anything to do with the predicate acts necessary for there to be a violation of the statute. The unlawful – unlawful tying that governs, you know, the banks are the kinds of things where a bank says, we'll give you a loan, but only if you open a checking account. And there's just nothing in the complaint that has anything to do with the kind of conduct that's prohibited. So, of course, in deciding the jurisdictional question, the Court has to look to see whether there's factual allegations that are sufficiently pleaded to invoke the Federal – invoke a Federal question. And that didn't happen in this case. Would you address the issue of if the State bank has Federal deposit insurance, does that bring into play the usury – the Federal usury statute? No, it does not, Your Honor. And let me just make a sort of a backup point. What we heard – what I heard this morning was something about Section 85 in a new case. Again, we need to look at the complaint for the jurisdiction. And that – Section 85 is – I'm hearing about that for the first time this morning. Oh, that's – I'm just asking a question that I – a legal question that I'd like to have answered. So – and fair enough. So I guess let me answer it in two parts. One, I haven't read the case that's been cited, and I don't know what Section 85 – what he's – what's being discussed. But there was an argument made about – a similar argument. It was – it was made concerning Section 27 of the Banking Act. Well, Section 85 is discussed in the district court's opinion, so it must have been  He says, Plaintiff also claims that defendants violate 12 U.S.C. Section 85. So the district court thought it was – Oh, I'm sorry. Okay. I thought he was saying section – it's the – that particular statute. Yes. That – that I – I'm sorry. I misunderstood – I mistook for what he was referring to. That statute, again, does not apply to state banks. That's a statute that applies to national banking statutes. And then there is this other argument that you're asking about in terms of FDIC insurance. And that argument was alluded to in the brief, and the Heaton case was cited. And I guess I would submit that it's – well, it's just incorrect to suggest that any time there's a party in a lawsuit that happens to be FDIC insured, that gives rise to federal question jurisdiction. The statutes don't say that, and certainly that would expand federal question jurisdiction beyond sort of the limits we all sort of know and understand. And Heaton doesn't support that at all. In Heaton, it was actually the FDIC was a party in the action and intervened, and it really turned on that analysis. So it's not the case that any time you have an FDIC insured bank, there's federal question jurisdiction. But here he seems to be relying principally on Section 85. So the question is, what about that? You say it only applies to national banks. What cases support that? The statute begins with any association, and I assume in context that that means national banks, but how do we know that? Well, Your Honor, I believe it's defined in another portion of the statute, but I cannot submit that to you. I see. And can you – what part of the brief are you referring to? I was reading the opinion right now. Oh, okay. I see. Order. In any event, which is that that wasn't raised in the appeal. That wasn't raised as an issue by the appellant on the brief. Oh, I see. Because you said it wasn't raised below. Yeah. Clearly it was raised below, and you're right by pointing out in the opinion. But it wasn't – there were only – there was only two grounds raised in the appeal for federal question jurisdiction, and that was – had to do with unlawful pying, which we discussed. And then there was a new ground raised on appeal that wasn't raised below, which was this 12 U.S.C. 1831d. But in terms of the federal question grounds that were raised on appeal, that was not one of them. Also, diversity wasn't addressed. There were a number of grounds that were abandoned on appeal by the appellant. Okay. If you want to reserve time, you should probably do it. What I'd like to do is maybe give some time to Mr. McNichols, and if I could just check my notes here. Who's going to address the attorney's fee issue? In terms of the motion or the cross appeal? Cross appeal. That'll be Mr. McNichols. And unless the Court asks questions unrelated to – then I'll sit down. Thank you very much. Thank you. May it please the Court. I'm Chris McNichol, and I represent Mortgages Limited, which is a mortgage banker, not a bank. And I'm from Philadelphia, but I don't think I have any problem speaking. So I'm prepared to address the cross appeal on the attorney's fees issue, where the district court thought because it dismissed on subject matter jurisdiction it obviously didn't have jurisdiction to make any orders, i.e., for attorney's  fees. What was the basis for attorney's fees? State law? Yes. There are one, two, three, really four, Your Honor. The loan documents, and there's just a surfeit of those, all have various attorney's fees provisions, the notes, the deeds of trust, loan agreements as well. Then we have the Arizona statute, ARS 12-34101, which actually has two attorney's fees provisions in there, and that's an independent ground for attorney's fees where the court may award attorney's fees in an action that arises under contract. Clearly, there are claims, five, contract action, the state usury action, the rescission, those all clearly are contract-based actions. Then there's another part of ARS 12-34101 which says frivolous-type things. The court must award attorney's fees. Then there's a second Arizona statute, ARS 12-349, which is the frivolous. But the district court never really addressed the state causes of action. I mean he ---- I agree, Your Honor. And presumably, they could simply be refiled in state court. So on what basis can we say that there would be fees available? It's not so much because it's for lack of jurisdiction as because the state causes of action weren't dismissed for lack of jurisdiction. They just weren't addressed. I agree, Your Honor, which is the district court judge never even got into the analysis of whether attorney's fees would be appropriately awarded because the district court, by its one sentence in its ruling, said I don't even have jurisdiction to go down that road. But that goes ---- We would like you to let the district court go down that road. Now, the district court will make those decisions, presumably, as to whether we're entitled to it under any of those. But then there's a predicate question, which Judge Rawlinson was alluding to before, which is how the district court never really addressed whether to exercise supplemental jurisdiction. He did, by his own rights, at least have jurisdiction over the Fowler claim. But he never addressed whether to exercise jurisdiction, supplemental jurisdiction over the state causes of action. Don't we at least have to remand for that? I don't think so, Your Honor. And Mr. Hudson addressed the differences which appear pertinent to this Court about whether the dismissal was for subject matter or whether there was enough of a little bit of subject matter, but it really wasn't pled in any way, as this Court has alluded to, Your Honor. In particular, we're shadowboxing here the complaint, the motions that were filed. We don't know what we're fighting. There's rogue references to Federal statutes. We don't know how much credibility to give them. Okay. But the district court decided that there was a non-frivolous but meritless cause of action against Mr. Fowler. One defendant. And then I don't think the district court, and perhaps the court disagrees, needs to go into a full-blown, geez, factual analysis. We need discovery on these issues. The matters that were raised and allowed the court to say, yes, maybe you have a little bit of jurisdiction against Fowler, but I don't need to look at six volumes and have discovery and have full litigation. You haven't really even gotten through the complaints. That's true, but he never said it. I mean, ordinarily, with regard to supplemental jurisdiction, he at least has to say, I choose not to exercise my discretion. He just seems to have forgotten about it. You wouldn't deny that since he found Federal jurisdiction for one claim, that it would not be an abuse of discretion to decide to go ahead and deal with the State claims. Well, certainly supplemental jurisdiction has not been put into play well, at least by the plaintiff or the appellant here. And in terms of the briefing, does just a little bit of jurisdiction, but an immediate dismissal as to one defendant of four defendants on one count of six counts of the bankruptcy matter thrown into Federal court, and so now a district court judge in a matter that should have been in State court, now the district court, boom, it's completely opened up to it. And I would contend that the State claims even go to State court if the district court dismissed them in conjunction with dismissing the Federal claims? Well, the State, the district court dismissed for lack of jurisdiction on all, I would contend, save the Fowler claim. We'll call it the Fowler claim. But what did the district court do with the State claims? There is, this is jurisdiction. He, it is a he, has no jurisdiction over a State usury claim, over a State law rescission claim, over a State law briefing. He could exercise supplemental jurisdiction over those. But don't you need Federal jurisdiction to begin with? I mean, you just don't pull it out of the air. He found Federal jurisdiction for one claim, which then gives him the discretion to exercise supplemental jurisdiction over State claims or decide he's not going to and remand them to State court or something. The State court claims have to be resolved one way or the other. And that's the difficulty I'm having with this case procedurally, is that the State claims have not been resolved. Well, the appellant plaintiff is not formless. It perhaps is chosen to be. But the problem with the motive disposition is that it almost seems like he is. And I'm not going to argue that, because if the district court had said, you know, as is ordinarily done, I'm just, you know, I'm dismissing the State claims essentially without prejudice because I'm not going to exercise my supplemental jurisdiction, then it would be clear that you could go back to State court. And I assume that you all would have the grace not to argue otherwise were he to go to State court. But nonetheless, it is somewhat unclear. Well, you obviously are positing one end of the spectrum. But the alternative end of the spectrum, as I've just indicated, for one barely cognizable jurisdiction. I understand. Well, let us assume that the district court would have done what you think he should have done and said I'm not going to exercise jurisdiction, supplemental jurisdiction. But the problem is he didn't do it. So a remand to decide that I'm not going to exercise supplemental jurisdiction because I don't have any Federal claims against anyone in front of me. Therefore, this is not a Federal action. It's not a bankruptcy action. These are all State law claims. The Federal. You want us to remand anyway for the attorney's fees if you get your wish, right? For the sole purpose of allowing the district court to decide that under the Ninth Circuit precedent, that notwithstanding that you've dismissed an action for subject matter jurisdiction, you are entitled to award a party, prevailing party, attorney's fees under State law. I understand that. But as a parallel matter, we could also remand for the district court to decide whether or not it opts to exercise jurisdiction over the State law claims. It's a parallel proceeding. They're closely connected because it is at least quite possible that whether or not fees are available under State law claims will depend on exactly what their fate is. And the fact that they may in fact, you know, live again may well be relevant to whether the fees are available now. Before I – Mr. Hudson's tapping me figuratively on the shoulder, so could I reserve a minute? He was fidgeting, whatever your word was. Okay. But to answer your question, I don't think any of the Ninth Circuit CONA or those other Ninth Circuit cases say just because we're saying to district court you are able to decide attorney's fees issued, that doesn't mean that you have jurisdiction over subject matter jurisdiction. No, I understand that. It's just that precisely what the fate of the State law causes of action is in a district court may influence whether the fees are available or not. Well, if this Court would like the district court to rework the wording of its decision, but as Mr. Hudson indicated, Annie. Oh, we would like the court to make a decision. Right. To make a decision, not rework it. But thank you, and let's have Mr. Hudson. Is that who it is? Yeah. I guess it's an interesting issue that the panel raises about you have dismissal for lack of subject matter jurisdiction. Parties made both grounds, motion to dismiss grounds, and then on Fowler, there's jurisdiction found, but it's dismissed for failure to state a claim. And I just want to make a couple quick points. One, sort of this complicated and interesting analysis is not something that was raised on appeal by the appellant. So it's not an issue, you know, it's something we're thinking about today. In terms of like what happened. We're on de novo review. So we look at the entire case. But you don't you typically limit the review. You don't allow an appellant to make new arguments on appeal. And you can dismiss for any ground, but you don't typically come up with new reasons to reverse. But so I'm just that's the first point. And the second point, the Federal the State law claims were dismissed for lack of subject matter jurisdiction. We're not reversing. We wouldn't be reversing. We would be remanding for the district court to finish the job that it was assigned. My point really is that this is an argument that wasn't raised on appeal and wasn't made by the appellant. And then second, sort of the concern you have, Judge Rawlinson, about what happens to these claims. They were dismissed for lack of subject matter jurisdiction, period. The district court. The State law. The State law claims. And the claims that the motions that were made. How could a State court claim be dismissed for lack of subject matter jurisdiction? Does a Federal court ordinarily? Except if they're supplemental jurisdiction, which there might have been here. But also there's my concern that the attorney's fees issue really can't very sensibly be decided unless you know precisely the fate of the district, of the State court. Of the State law claims. Yes. And I guess my point on that, just to finish, was because they were dismissed for subject matter jurisdiction, period, that leaves open, you know, what would have happened. I see. You're saying in either event they could be refiled. Let me ask you this. How does a Federal court dismiss State court claims for lack of jurisdiction without addressing the supplemental jurisdiction statute? I don't understand how that happens. Well, you have to have something else to exercise supplemental jurisdiction. You have to have some other hook for Federal. Yeah, but the hook was the Fowler claim. But the Fowler claim was dismissed. It was not dismissed for lack of subject matter jurisdiction? That's correct. Okay. And I mean, one way to read that is the court's dismissing for jurisdiction or, you know, which claims were considered first in the order. We just work with what we have. Thank you. Anyway, thank you all. You have a few minutes, Roberto. I believe I left with all three minutes. Could you tell us briefly what the case, the mystery case that nobody knows about says? Well, it's not the way. I don't do this. But, yes, I have the citation that I wanted. Does it deal with Section 85? Yes. Okay. And what does it say about Section 85? It says that based on the constitutional, based on the intent that Congress intended to, quote, allow competitive equity among financial institutions and affirm the principle that institutions offering similar products should be similar, subject to similar rules, the court explained that, quote, because of Section 85 and 86 provide the exclusive cause of action for usury claims, there is no such thing as a state law claim of usury against a national bank. Oh, good. Okay. All right. But then it went on to come to court. This is the national bank. Yes. But in that court, in that decision, and I thought I made that clear before that that language was there, but also they talk about state court actions are actions against state-chartered institutions. And reference is made, and I take some umbrage that we didn't brief something. I can sure take the hit for failing to get this court decision that I found on the growing subject. But Section 85 has been before this court in the briefs, page 16 of the brief. What does it say in that opinion about state-chartered institutions? State-chartered institutions are governed by the Federal Deposit Insurance Act. Does it say that in the act? Yes. Okay. Yes, it sure does. Specifically, may I quote, ma'am? Ma'am, I don't think that's correct. Judge, I apologize for your honor. Quote, authorizes federally insured state banks to charge certain interests and fees and preempts state laws to the contrary. The provisions of 1831D are quite similar to the provisions of the National Bank Act, 12 U.S.C. Section 85. And that was the citation that we made of Heaton, and upon just plain jeopardizing Heaton, this decision arises. And it goes further than I believe any other circuit. But the bank in that case was the National Bank. Yes. But they discussed the situation because this has come up again and again. How can a state-chartered bank be subject to the National Bank Act and usury? Isn't that what's before us? I say it's simple. Federal Deposit Insurance Agency, by statute, gives the federal government authority over state-chartered banks. Any institution covered by the National Bank Act that extracts an excessive interest rate or a usurious rate or discount, it's deemed usurious. It is onerous. But with all of these banks doing business in every state, it is almost silly to say that the federal courts would not have and should not have exclusive jurisdiction. Of course they should. I sense you don't want to go that far. But I think that the court below should have, well, first of all, what does related to a bankruptcy proceeding mean? 1330, isn't this related to a bankruptcy proceeding? Even that was argued. I see it says stop. Good-bye. Thank you very much. The case of First and Beck v. Bank of the Southwest is submitted. We will take a short recess.
judges: Fletcher, Berzon, Rawlinson